UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARCHELLE L. WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>MASSACHUSETTS BAY TRANSPORTATION AUTHORITY<br><br>Defendant. | Civil Action No. 17-cv-11632-NMG |

REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTIONS TO DISMISS
[Docket Nos. 60, 67]

January 29, 2021

Boal, M.J.

Pro se Plaintiff Marchelle Williams alleges that Defendant Massachusetts Bay Transportation Authority (the "MBTA") discriminated against him on the basis of a disability in violation of M.G.L. ch. 151B, and discharged him in violation of the Family Medical Leave Act, 29 U.S.C. § 2601 et seq. (the "FMLA"). Docket No. 1 at ¶¶ 10-17. The MBTA has filed counterclaims based on the breach of a settlement agreement that allegedly resolved Williams' claims in this case. Docket No. 49. Williams has moved to dismiss those counterclaims. Docket Nos. 60, 67. For the following reasons, I recommend that Judge Gorton deny Williams' motions.[1]

[1] Judge Gorton referred Williams' motions to dismiss to the undersigned on December 1, 2020 and December 29, 2020. Docket Nos. 61, 72.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On September 5, 2017, Williams filed this lawsuit, alleging discrimination based on a disability, in violation of M.G.L. ch. 151B and the FMLA. Docket No. 1 at ¶¶ 10-17.

On April 2, 2018, Williams filed a "Notice of Voluntary Dismissal" with the Court, which included handwritten edits indicating that the complaint was to be dismissed without prejudice. Docket No. 7. On April 13, 2018, Williams filed both a motion requesting an extension of time in which to correct his earlier submission and a motion for reconsideration indicating that he intended the notice of voluntary dismissal to be without prejudice. Docket Nos. 8, 9. Judge Gorton granted the motions. Docket No. 10. Williams filed a second notice of voluntary dismissal on May 3, 2018, stating that the case was "voluntarily dismissed, without prejudice and without cost." Docket No. 12 at 1. Williams also filed a memorandum noting that the matter was going to arbitration. Docket No. 13. As a result of that arbitration, the MBTA alleges that Williams entered into a Settlement Agreement that settled his claims in this case. Docket No. 46 at 7-8.

Judge Gorton denied the MBTA's motion to dismiss Williams' complaint on the basis of the Settlement Agreement. See Docket Nos. 19, 39, 42. The MBTA then filed an answer on October 19, 2020. Docket No. 46. In that answer, it asserted three counterclaims based on the Settlement Agreement: breach of contract (Count I); breach of the implied covenant of good faith and fair dealing (Count II); and unjust enrichment (Count III). Id. at 9-11.

On November 30, 2020, Williams filed a motion to dismiss the MBTA's counterclaims, on the basis that the Court lacked subject matter jurisdiction for those claims. Docket No. 60.

On December 11, the MBTA filed an opposition to Williams' motion to dismiss. Docket No. 62. On December 24, 2020, Williams filed an "amended motion to dismiss."[2] Docket No. 67.

## II. APPLICABLE LAW

### A. Rule 12(b)(1)

Federal courts are courts of limited jurisdiction. Destek Grp., Inc. v. State of N.H. Pub. Util. Comm'n, 318 F.3d 32, 38 (1st Cir. 2003) (noting that the Constitution expressly limits the power of lower courts). The proper vehicle for challenging a court's subject matter jurisdiction is Rule 12(b)(1) of the Federal Rules of Civil Procedure. Valentin v. Hosp. Bella Vista, 254 F.3d 358, 362-63 (1st Cir. 2001); see also Adams v. Mass. Dep't of Revenue, Child Support Enf't Div., 510 F. Supp. 2d 157, 159 (D. Mass. 2007).

The party claiming that there is jurisdiction carries the burden of showing that the court has jurisdiction. Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995). When considering a motion to dismiss under Rule 12(b)(1), "the district court must construe the complaint liberally, treating all well-pleaded facts as true and indulging all reasonable inferences in favor of the plaintiff." Aversa v. United States, 99 F.3d 1200, 1210 (1st Cir. 1996) (citation omitted).

A district court's original jurisdiction extends, among other things, to "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. If an action includes both federal and state law claims, then the district court may exercise

[2] It is unclear from Williams' second motion whether it seeks to restate the claims raised in the first motion to dismiss or withdraw them. A document filed by a pro se party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)) (internal quotation marks omitted). Given that Williams is proceeding pro se, I have considered the grounds raised in each motion to dismiss.

supplemental jurisdiction over the state law claims. 28 U.S.C. § 1367(a). Under 28 U.S.C. § 1367(a), district courts have "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

## III. APPLICATION

### A. This Court May Exercise Supplemental Jurisdiction Over The Counterclaims

Williams contends that "this matter should have been adjudicated in the Massachusetts Superior Court," and that this Court does not have "proper jurisdiction." Docket No. 60 at 2. The MBTA argues that because this Court has federal question jurisdiction over Williams' FMLA claims, it can exercise supplemental jurisdiction over the contractual counterclaims because they are related. Docket No. 62 at 3-5.

Where this Court has original jurisdiction, it also has "supplemental jurisdiction over all related claims that form part of the same case or controversy." Envisn, Inc. v. Davis, No. 11-12246-FDS, 2012 WL 1672887 at *2 (D. Mass. May 11, 2012); 28 U.S.C. § 1367. Williams' complaint asserts claims arising under the FMLA. See Docket No. 1 at ¶¶ 16-17; 13-15. Such claims are "explicit federal cause[s] of action," and invest this Court with original federal question jurisdiction. Perez v. Brockton Neighborhood Health Ctr., Inc., No. CV 18-10284-MBB, 2019 WL 145575 at *3 (D. Mass. Jan. 9, 2019).

The counterclaims asserted by the MBTA each arise from Williams' alleged failure to comply with the terms of the Settlement Agreement. Docket No. 60 at 4-5. Because the Settlement Agreement potentially extinguishes Williams' claims in this case, the MBTA's counterclaims are related to Williams' assertions, and form part of the same case or controversy.

Accordingly, though the counterclaims assert state law causes of action, it would appropriate for Judge Gorton, in his discretion, to exercise supplemental jurisdiction over them. I therefore recommend that Judge Gorton deny Williams' motion to dismiss.

Williams also contends that the counterclaims are prohibited because they are retaliatory.[3] Docket No. 67 at 2. However, on a motion to dismiss counterclaims, I must indulge all inferences in favor of the MBTA. I also, with exceptions, may consider only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint and matters of which judicial notice may be taken. Nollet v. Justices of the Trial Court of Mass., 83 F. Supp. 2d 204, 208 (D. Mass. 2000), aff'd 248 F.3d 1127 (1st Cir. 2000). Based on these standards, I may not consider Williams' retaliation arguments at this time and find therefore that they provide no grounds for dismissal of the counterclaims.

## III. RECOMMENDATION

For the foregoing reasons, I recommend that Judge Gorton deny Williams' motions to dismiss.

## IV. REVIEW BY DISTRICT JUDGE

The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of service of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections. See Fed. R. Civ. P. 72. The parties are further advised that the United States Court

---

[3] To the extent Williams' motions challenge the Settlement Agreement itself, such challenges are not appropriate for review on a motion to dismiss. See Docket No. 39.

of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See Phinney v. Wentworth Douglas Hospital, 199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, Ltd., 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir.1993).

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge